United States District Court
Southern District of Texas
**ENTERED**
April 22, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATASHA LUBIN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-3837 |
| | § | |
| STEVEN MNUCHIN, Secretary of Treasury, *et al.*, | § § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

On February 10, 2020, the Court issued a Dismissal Order [Doc. # 5], dismissing this lawsuit as time-barred. The case is now before the Court on Plaintiff Natasha Lubin's *pro se* Motion to Reinstate [Doc. # 6], to which Defendants filed a Response [Doc. # 9]. On April 8, 2020, Plaintiff filed a response [Doc. # 10] in opposition to Defendants' previously-granted Motion to Dismiss, and refiled her Motion to Reinstate [Doc. # 12]. The Court **denies** reinstatement of this lawsuit, without prejudice to Plaintiff seeking reinstatement of Civil Action No. 18-4737.

As noted in the Court's Dismissal Order, Plaintiff alleged in her complaint [Doc. # 1] that she received the Notice of Right to Sue letter from the Equal Employment Opportunity Commission on October 25, 2018. She was required to file this lawsuit within ninety (90) days thereafter. *See* 42 U.S.C. § 2000e-5(f)(1).

On December 17, 2018, within the 90-day period, Plaintiff filed a lawsuit that was docketed as Civil Action No. 18-4737.  By Order entered in that case on July 10, 2019, Defendants' Motion to Dismiss for lack of service was granted.  Plaintiff was ordered to file an Amended Complaint within fourteen days, and was ordered to serve Defendants within thirty days.  *See* Order [Doc. # 15 in 18-cv-4737].  When Plaintiff failed to comply with the Order, the Court dismissed Civil Action No. 18-4737 on August 16, 2019.  *See* Dismissal Order [Doc. # 17 in 18-cv-4737].

Rather than seek reinstatement of the dismissed civil action, Plaintiff filed this new lawsuit on October 4, 2019, well after the January 23, 2019, filing deadline under § 2000e-5.  Defendants moved to dismiss, noting that this second lawsuit was time-barred.  The Court agreed, noting that the second complaint was filed well after the deadline, and that Plaintiff offered no explanation that would provide a basis for equitable tolling.

Plaintiff has now moved to reinstate this lawsuit, and has filed a belated opposition to Defendants' Motion to Dismiss.  Plaintiff explains that her attorney in both cases failed to protect her interests.  It appears from the record that Plaintiff's attorney died on March 14, 2020.  Counsel's failure to file this lawsuit in a timely manner, however, does not support equitable tolling.  "In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as

justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019). As noted in the Court's prior ruling, the case was not dismissed because Plaintiff failed to respond to the Motion to Dismiss. Instead, the lawsuit was dismissed because it was time-barred when it was filed on October 4, 2019. Plaintiff's Motion to Reinstate, and her opposition to the previously-granted Motion to Dismiss, do not provide a basis to change that result. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motions to Reinstate [Docs. # 6 and # 12] are **DENIED**.

SIGNED at Houston, Texas, this 22nd day of **April, 2020**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE